# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Consumer Financial Protection Bureau, | Case No. 8:21-cv-00488 |
| Plaintiff, | |
| v. | Judge John W. Holcomb |
| Judith Noh, *et al*. | Magistrate Judge Autumn D. Spaeth |
| Defendants. | **DEFENDANTS' NOTICE OF MOTION AND MOTION OF DEFENDANTS FOR STAY OF DISCOVERY PENDING BRIEFING UPON DEFENDANTS' MOTION TO DISMISS** |
| | **Date:** December 16, 2022 |
| | **Time:** 9:00 a.m. |
| | **Discovery Deadline: March 31, 2023** |
| | **Final Pre-Trial: July 21, 2023** |
| | **Trial date: August 7, 2023** |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 16, 2022, or as soon thereafter as this matter may be heard, Defendants will and hereby do move this Court for a stay of discovery pending the parties' briefing to the Court upon Defendants' Motion to Dismiss. This Motion is made in the interests of judicial economy and in accord with Fed. R. Civ. Pro. 1. Defendant's forthcoming Motion to Dismiss will raise solely a legal issue that may be decided without the need of further discovery. Defendants seek the stay in order that the parties are not expending resources on extensive discovery which may ultimately prove to be futile in the event that Defendants' Motion is granted.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on November 1, 2022.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, all of the pleadings and other documents on file in this case, all other matters of which the Court may take judicial notice, and any further argument or evidence that may be received by the Court at the hearing.

DATED: November 9, 2022

By */s/ Lisa A. Messner*
**MAC MURRAY & SHUSTER LLP**
LISA A. MESSNER (Admitted *Pro Hac Vice*)
*lmessner@mslawgroup.com*
6525 W. Campus Oval, Suite 210
New Albany, Ohio 43054
Telephone: (614) 939-9955
Facsimile: (614) 939-9954

**CARLSON & MESSER LLP**
David J. Kaminski (SBN 128509)
*kaminskid@cmtlaw.com*
5901 W. Century Boulevard, Suite 1200
Los Angeles, California 90045
Telephone: (310) 242-2200
Facsimile: (310) 242-2222

Attorneys for Defendants
Judith Noh, Student Loan Pro, Syed Gilani and FNZA Marketing, LLC

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### INTRODUCTION

On March 16, 2021, the Consumer Protection Financial Bureau ("CFPB") initiated this enforcement action alleging that Defendants violated the Telemarketing and Consumer Fraud and Abuse Prevention Act, the Telemarketing Sales Rule and the Consumer Financial Protection Act of 2010 in connection with their marketing and sale of debt-relief services. (ECF No. 1) Defendants filed their Amended (operative) Answer to the Complaint on February 25, 2022, denying engaging in unlawful conduct. (ECF No. 48)

During a recent status conference before this Court on October 28, 2022, Defendants respectfully called the Court's attention to a recent decision of the United States Court of Appeals for the Fifth Circuit, which held that the CFPB's funding violated "the Appropriations Clause and the Constitution's underlying structural separation of powers." *Community Financial Services Association of America, Ltd. v. CFPB*, 2022 WL 11054082 at *19, Case No. 21-50826 (5th Cir. Oct. 19, 2022) (attached).

Given this recent persuasive legal authority, Defendants apprised the Court of their intent to move to dismiss this enforcement action. The Court advised the parties to meet and confer to agree upon a briefing schedule for Defendants' Motion to Dismiss, which counsel for the parties continue to discuss and plan to agree upon a

schedule. With Defendants' Motion to Dismiss anticipated to be forthcoming within less than a month and it potentially being entirely case dispositive based on an issue of law, Defendants respectfully move the Court for a stay of discovery (including third-party discovery) pending briefing on Defendants' Motion to Dismiss.

## LAW AND ARGUMENT

A. <u>The Court retains discretion to stay discovery where a case dispositive motion may be decided on a legal issue without the need for further discovery.</u>

The Court possess the discretion to stay discovery as part of its "inherent power to control the disposition of the cases on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *Al Otro Lado, Inc. v. Nielsen*, 2018 WL 679483 at *1, Case No.: 3:17-cv-02366-BAS-KSC (S.D. Cal. January 31, 2018), citing *Moser v. Encore Capital Grp., Inc.,* 2007 WL 1114113 at *3, Case No. 04CV2085 (S.D. Cal. Mar. 27, 2007) and *Filtrol Corp. v. Kelleher,* 467 F.2d 242 (9th Cir. 1972).

The holding in *Al Otro Lado* provides further guidance here. The court explained that any decision to stay discovery accounts for the court's obligation "to secure the just, speedy, and inexpensive determination of every action." *Id.* at *1*, citing* Fed. R. Civ. Pro. 1. The court went on to adopt a two-pronged analysis. A moving party meets the good cause requirement for a stay of discovery when the court finds: (1) the pending motion is potentially dispositive of the entire case; and (2) it can be decided absent additional discovery. *Id*. at *2, citing *Adams v. AllianceOne,*

*Inc.,* 2008 WL 11336721, Case No. 08-cv-0248 (S.D. Cal. Oct. 22, 2008).

Likewise, a decision from this Court held that a stay of discovery is warranted while a dispositive motion is pending "when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive." *Skellerup Indus. Ltd. v. City of Los Angelos,* 163 F.R.D. 598, 601 (C.D. Cal. 1995), citing *Hachette Distribution, Inc. v. Hudson County News Co.,* 136 F.R.D. 356, 358 (E.D.N.Y.1991).

Other cases hold similarly. For example, in *Tradebay, LLC v. Ebay, Inc.*, 278 F.R.D. 597 (D. Nevada), the district court granted a stay of discovery where a motion to dismiss raised subject matter jurisdiction and the plaintiff lacked need for discovery to oppose the motion. The court reasoned: "In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.' *Id.* Discovery is expensive." *Tradebay, LLC v. Ebay, Inc.*, 278 F.R.D. at 602.

As explained below, the issues presented by Defendants' forthcoming Motion to Dismiss rely purely upon legal argument. No further discovery between the parties or from third-parties is needed to decide the legal issue presented of whether the CFPB's unconstitutional funding warrants dismissal of this case.

> B.  **Defendants' Motion to Dismiss will address solely a legal issue capable of determination by the Court without the necessity of further discovery.**

As noted above, Defendants' forthcoming Motion to Dismiss will explain why the recent legal analysis provided by the Fifth Circuit Court of Appeals warrants dismissal of this matter. In *Community Financial Services Association of America, Limited v. CFPB*, the Fifth Circuit vacated the CFPB's 2017 Payday Lending Rule on grounds that the CFPB's funding structure violates the Appropriations Clause.

The court explained that "each year, the Bureau simply requisitions from the Federal Reserve an amount 'determined by the Director to be reasonably necessary to carry out' the Bureau's functions." *Community Financial Services Association of America, Ltd. v. CFPB*, 2022 WL 11054082 at *2. Therefore, "Congress did not merely cede direct control over the Bureau's budget by insulating it from annual or other time limited appropriations. It also ceded indirect control by providing that the Bureau's self-determined funding be drawn from a source that is itself outside the appropriations process." *Id.* at *14.

Continuing its analysis, the court explained that the CFPB is "literally off the books: Rather than hold funds in a Treasury account," it "maintains a separate fund" at a Federal Reserve bank that is "permanently available" to the Director "without any further act of Congress." *Community Financial Services Association of America, Ltd. v. CFPB*, 2022 WL 11054082 at *15. The court reasoned that the "Bureau's perpetual insulation from Congress's appropriations power, including the express exemption from congressional review of its funding, renders the Bureau no longer dependent and,

as a result, no longer accountable to Congress and, ultimately, to the people." *Id.* "By abandoning its 'most complete and effectual' check on 'the overgrown prerogatives of the other branches of the government'—indeed, by enabling them in the Bureau's case—Congress ran afoul of the separation of powers embodied in the Appropriations Clause." *Id.*, citing The Federalist No. 58 (J. Madison)).

Most significantly, the court held that the proper remedy was to vacate the Payday Lending Rule: "Because the funding employed by the Bureau to promulgate the Payday Lending Rule was wholly drawn through the agency's unconstitutional funding scheme, there is a linear nexus between the infirm provision (the Bureau's funding mechanism) and the challenged action (promulgation of the rule)." *Community Financial Services Association of America, Ltd. v. CFPB*, 2022 WL 11054082 at *37. "In other words, without its unconstitutional funding, the Bureau lacked any other means to promulgate the rule." Id. "Plaintiffs were thus harmed by the Bureau's improper use of unappropriated funds to engage in the rulemaking at issue." *Id.*

In further briefing by Defendants, they will explain why the reasoning in *Community Financial Services Association* is persuasive, legally correct and establishes that this enforcement action must be dismissed because unappropriated funds were used to investigate, initiate and pursue this enforcement action.

## CONCLUSION

For the reasons explained herein, Defendants respectfully submit that good

cause exists for a stay of all discovery pending briefing on Defendants' forthcoming Motion to Dismiss.

DATED: November 9, 2022

Respectfully submitted,

By /s/ Lisa A. Messner
**MAC MURRAY & SHUSTER LLP**
LISA A. MESSNER (Admitted *Pro Hac Vice*)
lmessner@mslawgroup.com
6525 W. Campus Oval, Suite 210
New Albany, Ohio 43054
Telephone: (614) 939-9955
Facsimile: (614) 939-9954

**CARLSON & MESSER LLP**
David J. Kaminski (SBN 128509)
kaminskid@cmtlaw.com
5901 W. Century Boulevard, Suite 1200
Los Angeles, California 90045
Telephone: (310) 242-2200
Facsimile: (310) 242-2222

Attorneys for Defendants
Judith Noh, Student Loan Pro, Syed Gilani and FNZA Marketing, LLC

# CERTIFICATE OF SERVICE

The undersigned does hereby certify that this document has been served electronically on all counsel and parties having appeared in this matter through the Court's ECF filing system on this 9th day of November, 2022.

<u>Lisa A. Messner</u>
**MAC MURRAY & SHUSTER LLP**
LISA A. MESSNER (Admitted *Pro Hac Vice*)