Lisa A. Messner (OH #0074034 – Admitted *Pro Hac Vice*)
Helen Mac Murray (OH #0038782 - Admitted *Pro Hav Vice*)
Mac Murray & Shuster LLP
6525 West Campus Oval, Suite 210
New Albany, Ohio 43054
Phone: (614) 939-9955

David J. Kaminski, Esq., (SBN 128509) – Local Counsel
CARLSON & MESSER, LLP
5901 West Century Boulevard, Suite 1200
Los Angeles, CA 90045
Phone: (310) 242-2200

*Attorneys for Defendants Judith Noh d/b/a Student Loan Pro,*
*Judith Noh as an individual, Syed Faisal Gilani, and FNZA Marketing, LLC*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>Plaintiff,<br><br>v.<br><br>Judith Noh d/b/a Student Loan Pro, Judith Noh as an individual, Syed Faisal Gilani and FNZA Marketing, LLC,<br><br>Defendants. | Case No. SACV 8:21-cv-00488-JWH (ADSx)<br><br>**OBJECTION OF DEFENDANTS TO THE MAGISTRATE'S DISCOVERY ORDERS DATED NOVEMBER 10, 2022 AND MOTION FOR REVIEW OF NONDISPOSITIVE RULINGS**<br><br>Discovery Cutoff: March 31, 2023<br><br>Pretrial Conference: July 21, 2023<br><br>Trial Date: August 7, 2023 |

OBJECTION OF DEFENDANTS TO THE MAGISTRATE'S DISOCVERY ORDERS DATED NOVEMBER 10, 2022
AND MOTION FOR REVIEW OF NONDISPOSITIVE RULINGS

1

**OBJECTION OF DEFENDANTS TO THE MAGISTRATE'S DISCOVERY ORDERS DATED NOVEMBER 10, 2022 AND MOTION FOR REVIEW OF NONDISPOSITIVE RULING**

Pursuant to Fed. R. Civ. P. 72(a) and Local Rule 72-2.1, Defendants Judith Noh d/b/a Student Loan Pro, Judith Noh as an individual, Syed Faisal Gilani and FNZA Marketing, LLC (collectivly "Defendants") hereby object to the Magistrate Judge's Orders dated November 10, 2022 (ECF Nos. 113, 114 and 115) and request review of the Magistrate's nondispositive rulings. Specifically, the Magistrate's Orders ruled as follows: (1) the Magistrate granted Plaintiff's Motion to Compel Documents relating to Defendants' financial resources (ECF. No. 113); (2) the Magistrate compelled Defendants to respond to Plaintiff's Requests for Admissions by November 29, 2022 (ECF No. 114); and (3) the Magistrate denied Defendants' Motions to Quash Subpoenas issued by Plaintiff to certain Defendants' financial institutions. (ECF No. 115)

In particular, the Orders are erroneous in that the Magistrate declined consideration of the parties' Stipulation to brief the Court upon Defendants' Motion to Dismiss and Motion to Stay Discovery, which may moot the need for further discovery. Additional discovery is simply not needed to resolve Defendants' Motion to Dismiss, which will address purely the legal issue of whether the Plaintiff's funding violates the Appropriations Clause as was determined recently by the Fifth Circuit Court of Appeals in *Community Financial Services Association of America, Ltd. v. CFPB*, Case No. 21-50826, 2022 WL 11054082 at *19 (5th Cir. Oct. 19, 2022). Additionally, the Magistrate's Orders are also erroneous in that they ignore Defendants' right of privacy with respect to their financial

OBJECTION OF DEFENDANTS TO THE MAGISTRATE'S DISOCVERY ORDERS DATED NOVEMBER 10, 2022
AND MOTION FOR REVIEW OF NONDISPOSITIVE RULINGS

2

information, which is a privacy right in California that has also been recognized by federal courts.

## LAW AND ARGUMENT

A.  Standard of review.

A party may object to a Magistrate's order on non-dispositive matters. Fed. R. Civ. P. 72(b).  A discovery motion is a non-dispositive pre-trial matter. *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 970 (C.D. Cal. 2010).

When an objection is filed, the District Judge considers timely objections to a Magistrate's Order and may modify or set aside any part of the order that is clearly erroneous or is contrary to law. *La Jolla Spa MD, Inc. v. Avidas Pharmaceuticals,* Case No. 3:17-CV-01124-MMA-WVG, 2019 WL 5088559 at *2 (S.D. Cal. Oct. 10, 2019), citing *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).

Where a Magistrate Judge is designated to hear a discovery motion, a District Judge may reconsider the Order if it is clearly erroneous or contrary to law. *Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983) (applying the 28 U.S.C. §636(b)(1)(A) clear error or contrary to law standard to a magistrate judge's ruling on a motion to compel).

The clearly erroneous standard applies to factual findings, while the contrary to law standard applies to legal conclusions. *Crispin*, 717 F. Supp. 2d at 970-71. The contrary to law standard permits independent review of purely legal determinations by the Magistrate

OBJECTION OF DEFENDANTS TO THE MAGISTRATE'S DISOCVERY ORDERS DATED NOVEMBER 10, 2022
AND MOTION FOR REVIEW OF NONDISPOSITIVE RULINGS

3

Judge. *Id.,* quoting *F.D.I.C. v. Fidelity & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000). Courts have interpreted this standard "to provide for *de novo* review by the district court on issues of law." *Med. Imaging Centers of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 719 (S.D. Cal. 1996).

  B. <u>The Magistrate's Orders are erroneous because the Magistrate declined consideration of the parties' agreement to brief Defendants' Motion to Dismiss and Motion to Stay Discovery.</u>

Here, the Parties submitted a Stipulation and proposed briefing schedule upon Defendants' Motion to Dismiss and Motion to Stay Discovery. (ECF Nos. 116 and 117) Defendants' counsel specifically informed the Court during the October 28, 2022 status conference that such Motion would be forthcoming and met and conferred with Plaintiff's counsel to develop a proposed briefing schedule regarding the same.

However, the Magistrate declined to delay or hold in abeyance ruling on Plaintiff's discovery motions pending decision by the District Judge on these Motions. This was erroneous because, in the event that the Motion to Stay Discovery is granted, the Magistrate's Orders are mooted and unnecessarily require Defendants to respond to burdensome discovery requests in the interim. Effectively, the Magistrate's Orders prohibit Defendants from obtaining an Order staying discovery at a meaningful time. For this reason, Defendants respectfully submit that the Magistrate's Orders are erroneous.

  C. <u>The Magistrate's Orders requiring Defendants to produce financial records and denying the Defendants' Motions to Quash Subpoenas is contrary to law because Defendants retain a privacy right in their financial records.</u>

OBJECTION OF DEFENDANTS TO THE MAGISTRATE'S DISOCVERY ORDERS DATED NOVEMBER 10, 2022
AND MOTION FOR REVIEW OF NONDISPOSITIVE RULINGS

4

Pending before the Magistrate were also two Motions addressing the Plaintiff's request for Defendants' financial records: (1) Plaintiff's Motion to Compel Defendants to Produce Financial Records; and (2) Defendants' Motion to Quash Subpoenas issued to certain Defendants' financial institutions. The Magistrate granted Plaintiff's Motion to Compel and denied Defendants' Motion to Quash, ordering that Defendants' financial records be produced by both Defendants and third-party financial institutions. (ECF Nos. 113 and 115)

More specifically, the Magistrate ordered that Defendants Judith Noh and Syed Faisal Gilani provide to Plaintiff responses to the following document requests:

    a. Plaintiff's Document Request #26 to Noh: Documents sufficient to reflect Your assets, liabilities, employment, and income from any source.

    b. Plaintiff's Document Request #27 to Noh: Documents sufficient to identify all financial institutions holding Your personal funds or assets.

    c. Plaintiff's Document Request #24 to Gilani: Documents sufficient to reflect Your assets, liabilities, employment, and income from any source.

    d. Plaintiff's Document Request #25 to Gilani: Documents sufficient to identify all financial institutions holding Your personal funds or assets.

(ECF No. 113)

Additionally, the Magistrate ordered that third-parties Citi Bank, N.A., Wells Fargo Bank, N.A., Coinbase Global, Inc. and The Litigation Practice Group provide financial

OBJECTION OF DEFENDANTS TO THE MAGISTRATE'S DISOCVERY ORDERS DATED NOVEMBER 10, 2022
AND MOTION FOR REVIEW OF NONDISPOSITIVE RULINGS

5

records associated with all Defendants.  More specifically, the Subpoenas sought, among other documents, detailed monthly and periodic statements, deposits and withdrawals, merchant accounts and documents relating to the relationship between the third-parties and all Defendants.  The Plaintiff's Subpoenas, as drafted, request documents dating back for the last seven years, rendering the requests overbroad and not likely to lead to the discovery of relevant information.  More importantly, however, Plaintiff seeks highly confidential banking and financial information in which Defendants possess an inherent and legal right to privacy recognized by the California Constitution and federal law.

Specifically, California law provides for a right of privacy with respect to individuals' financial information which this privacy right has also been recognized by federal courts. Indeed, this Court explained the basis for this right as follows: "The right to privacy is set forth in the California Constitution. Cal. Const. art. I, § 1. Confidential financial information given to a bank by its customers is protected under this constitutional right."  *Dale Evans Parkway 2021, LLC v. National Fire & Marine Insurance Co.*, Case No. CV-15-979, 2016 WL 7486606 (C.D. Cal. Oct. 27, 2016).

Applying this same reasoning, the district court for the Southern District of California recently held that "financial information is protected by the right to privacy under California law and these privacy rights are generally recognized in federal court." *Tatersalls LTD v. Wiener*, Case No. 17-cv-1125, 2019 WL 13204024 at *1 (S.D. Cal. Nov.

OBJECTION OF DEFENDANTS TO THE MAGISTRATE'S DISOCVERY ORDERS DATED NOVEMBER 10, 2022
AND MOTION FOR REVIEW OF NONDISPOSITIVE RULINGS

6

19, 2019), citing *E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 395 (E.D. Cal. 2009)

Similarly, courts throughout the country consistently hold that individuals retain a personal privacy right in their banking and financial records. *See e.g. Zurich American Insurance Company v. Ascent Construction, Inc.*, Case No. 1:20-cv-00089, 2021 WL 7186068 (June 2, 2021 D.C. Utah); *ITOCHU Int'l, Inc. v. Devon Robotics, LLC*, 303 F.R.D. 229, 232 (E.D. Pa. 2014).

Here, the CFPB's Subpoenas clearly seek banking and financial records including, but not limited to, bank statements, withdrawals, ACH transfers and of payment records. Indeed, the Subpoenas seemingly request records related to every single payment and financial transaction of Defendants with the third parties for the prior seven years. This information obviously encompasses highly confidential and personal banking and financial records in which Defendants retain personal privacy rights. Because the Magistrate's Order fails to consider Defendants' privacy rights in their financial records, Defendants respectfully submit the Magistrate's Order (ECF No. 115) is contrary to law.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully object to the Magistrate's Orders dated November 10, 2022 (ECF Nos. 113, 114 and 115) and requests the Court to overrule the Magistrate's Orders.

Dated: November 15, 2022

OBJECTION OF DEFENDANTS TO THE MAGISTRATE'S DISOCVERY ORDERS DATED NOVEMBER 10, 2022
AND MOTION FOR REVIEW OF NONDISPOSITIVE RULINGS

7

Respectfully submitted,

/s/ Lisa A. Messner
Lisa A. Messner
(OH #0074034 – Admitted *Pro Hac Vice)*
Helen Mac Murray
(OH #0038782 - Admitted *Pro Hav Vice*)
Mac Murray & Shuster LLP
6525 West Campus Oval, Suite 210
New Albany, Ohio 43054
Tel: (614) 939-9955
Fax: (614) 939-9954
Email: lmessner@mslawgroup.com
          hmacmurray@mslawgroup.com

/s/ David J. Kaminski
David J. Kaminski, Esq., (SBN 128509) – Local Counsel
CARLSON & MESSER, LLP
5901 West Century Boulevard, Suite #1200
Los Angeles, CA 90045
Tel: (310) 242-2200
Fax: (310) 242-2222
Email: kaminskid@cmtlaw.com

*Attorneys for Defendants Judith Noh*
*d/b/a Student Loan Pro, Judith Noh*
*as an individual, Syed Faisal Gilani, and FNZA*
*Marketing, LLC*

OBJECTION OF DEFENDANTS TO THE MAGISTRATE'S DISOCVERY ORDERS DATED NOVEMBER 10, 2022
AND MOTION FOR REVIEW OF NONDISPOSITIVE RULINGS

8

# CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2022, I electronically filed the Objection of Defendants to the Magistrate's Discovery Orders Dated November 10, 2022 and Motion for Review of Nondispositive Ruling with the Clerk of the Court using CM/ECF, causing a Notice of Electronic Filing to be sent to counsel for Defendants.

/s/ Lisa A. Messner
Lisa A. Messner

OBJECTION OF DEFENDANTS TO THE MAGISTRATE'S DISOCVERY ORDERS DATED NOVEMBER 10, 2022
AND MOTION FOR REVIEW OF NONDISPOSITIVE RULINGS

9