**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Consumer Financial Protection Bureau,

Plaintiff,

v.

Judith Noh, *et al*.

Defendants.

Case No. 8:21-cv-00488

Judge John W. Holcomb

Magistrate Judge Autumn D. Spaeth

**DEFENDANTS' NOTICE OF MOTION AND DEFENDANTS' CORRECTED MOTION TO STAY**

**Date: February 17, 2023**

**Time: 9:00 a.m.**

**Discovery Cutoff: March 31, 2023**

**Pretrial Conference: July 21, 2023**

**Trial Date: August 7, 2023**

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 17, 2023, or as soon as possible or thereafter as this matter may be heard, Defendants will and hereby do move this Court to stay this matter pending this Court's decision on Defendants' Motion to Dismiss. This Motion is made in the interests of judicial economy and in accord with Fed. R. Civ. Pro. 1.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on November 2, 2022 and December 13, 2022.

This corrected Motion is made in order to comply with the Parties' agreed upon briefing schedule, which requires Defendants' Motion to be made on or before December 15, 2022, and to remedy filing deficiencies prior to the agreed upon filing deadline. This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, all of the pleadings and other documents on file in this case, all other matters of which the Court may take judicial notice, and any further argument or evidence that may be received by the Court at the hearing.

DATED: December 13, 2022

By:    */s/ Lisa A. Messner*
**MAC MURRAY & SHUSTER LLP**
LISA A. MESSNER (Admitted *Pro Hac Vice*)
HELEN MAC MURRAY (Admitted Pro Hac Vice)
*lmessner@mslawgroup.com*
*hmacmurray@mslawgroup.com*
6525 W. Campus Oval, Suite 210
New Albany, Ohio 43054
Telephone: (614) 939-9955
Facsimile: (614) 939-9954

**CARLSON & MESSER LLP**
David J. Kaminski (SBN 128509)
*kaminskid@cmtlaw.com*
5901 W. Century Boulevard, Suite 1200
Los Angeles, California 90045
Telephone: (310) 242-2200
Facsimile: (310) 242-2222

Attorneys for Defendants
Judith Noh, Student Loan Pro, Syed Gilani and FNZA Marketing, LLC

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................- 7 -

LAW AND ARGUMENT ...........................................................................- 8 -

A. Two appellate courts' decisions binding on this Court will likely soon address whether the CFPB has the constitutional authority to bring the within case. ..........................................................- 8 -

B. The Nationwide Ninth Circuit Panel previously agreed with the Fifth Circuit's CFSA decision in a prior dissenting opinion. ..............- 9 -

LEGAL STANDARD ...............................................................................- 12 -

A STAY IS WARRANTED PENDING NATIONWIDE ...................................- 13 -

**The Landis Factors Weigh Heavily In Favor Of A Stay** .............- 13 -

**All Parties Will Suffer Hardship Without A Stay** ........................- 14 -

**A Stay Will Enhance The Orderly Course Of Justice** ..................- 15 -

**No Damage Will Result From The Court Entering A Stay** .........- 15 -

CONCLUSION .........................................................................................- 17 -

# TABLE OF AUTHORITIES

Cases

*CFPB v. Seila Law LLC*, 923 F.3d 680 (9th Cir. 2019) ........................................ - 8 -

*Chattanond v. Discover Fin. Servs., LLC*, No. 15-08549, 2016 U.S. Dist. LEXIS 24700, at *10 (C.D. Cal. Feb 26, 2016) ........................................................ - 15 -

*Cmty. Fin. Servs. Ass'n of Am. v. Consumer Fin. Prot. Bureau,* -- F.4th --, 2022 U.S. App. LEXIS 29060 (5th Cir. Oct. 19, 2022) ..................................... - 5 -, - 7 -, - 9 -

*Consumer Financial Protection Bureau v. Nationwide Biweekly Admin., Inc*., Nos. 18-15431, 18-15887 (9th Cir.) ........................................................................ passim

*Hugh Barker-Hatch v. Ralph Lauren Corporation et al*., 5:15-cv-02289-VAP-SP (C.D. Cal. Mar. 7, 2016) ...................................................................- 12 -, - 14 -

*Landis v. North American Co.,* 299 U.S. 248 (1936) ...................... - 10 -, - 11 -, - 12 -

*Leyva v. Certified Grocers of Cal. Ltd*., 593 F.2d 857, 863 (9th Cir. 1979)......... - 11 -

*Lockyer v. Mirant Corp*., 398 F.3d 1098, 1110 (9th Cir. 2005)........................... - 11 -

*Lopez v. American Express Bank, FSB*, No. 09-cv-07335, 2010 U.S. Dist. LEXIS 101476, *13 (C.D. Cal. Sept. 17, 2010)...............................................- 13 -, - 14 -

*Mediterranean Enters. v. Ssangyong Corp*., 708 F.2d 1458 (9th Cir. 1983)........ - 11 -

*Ramirez v. Trans Union, LLC*, No. 12-cv-000632-JSC, 2015 LEXIS 80692, at *4 (C.D. Cal. June 22, 2015)................................................................................ - 13 -

*Safeco Ins. Co. v. Nelson*, No. 20-cv-00211-MMA (DEB), 2020 U.S. Dist. LEXIS 118919, at *15 (S.D. Cal. July 7, 2020)........................................................... - 13 -

*Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183, 2192 (2020) - 8 -, - 9 -

*Seila Law LLC v. Consumer Fin. Prot. Bureau*, 997 F.3d 837 (2021) - 8 -, - 9 -, - 10 -

*Washington v. Six Continents Hotels, Inc.*, No. 16-cv-03719- ODW-JEM, 2017 U.S. Dist. LEXIS 3670, at *6 (C.D. Cal. Jan. 9, 2017)............................................. - 12 -

Rules

Fed. R. Civ. Pro. 1. ........................................................................................ - 2 -

L.R. 7-3 ........................................................................................................ - 2 -

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Defendants are seeking a stay of this case while the Ninth Circuit and the U.S. Supreme Court soon consider whether the Consumer Financial Protection Bureau ("CFPB") has the Constitutional authority to even bring the within case.

As raised by Defendants with the Court in a recent status conference, the Fifth Circuit recently decided in *Cmty. Fin. Servs. Ass'n of Am. v. Consumer Fin. Prot. Bureau,* -- F.4th --, 2022 U.S. App. LEXIS 29060 (5th Cir. Oct. 19, 2022) ("CFSA"), that the CFPB's funding mechanism violates the Constitution's separation of powers, and it vacated an action financed by the unconstitutional funding.

The Ninth Circuit will soon decide whether all CFPB enforcement actions must be dismissed. In *Consumer Financial Protection Bureau v. Nationwide Biweekly Admin., Inc*., Nos. 18-15431, 18-15887 (9th Cir.) ("*Nationwide*"), the Ninth Circuit is poised to align with the Fifth Circuit ruling that the CFPB's funding mechanism violates the Constitution's separation of powers and the remedy for such violations is vacating enforcement actions the CFPB has brought. The CFPB agrees with this characterization of the import of the issue. On November 16, 2022, the CFPB petitioned the U.S. Supreme Court to grant review of *CFSA* on an expedited timeline because the Fifth Circuit's decision "***threatens the validity of all past CFPB actions***" *See* Petition for a Writ of Certiorari in *Cmty. Fin. Servs. Ass'n of Am. v. Consumer Fin.*

*Prot. Bureau* ("Writ of Certiorari"), Ex. A at p. 39 (emphasis added).

If either court agrees with the Fifth Circuit's reasoning, being bound by the precedent, the Court must dismiss this case. Proceeding with this litigation before the law is settled means the Court could decide dispositive motions, discovery disputes, and trial issues incorrectly. The import of the decisions as well as the quick timeframe within which both courts will rule on this issue warrants a stay.

## LAW AND ARGUMENT

A. Two appellate courts' decisions binding on this Court will likely soon address whether the CFPB has the constitutional authority to bring the within case.

The Ninth Circuit and the U.S. Supreme Court both have appeals on their dockets that will soon address the CFPB's authority to bring enforcement actions. The parties in *Nationwide* have not only conducted oral argument in the underlying appeal they have also subsequently fully briefed the issue regarding the CFPB's constitutional authority to bring an enforcement action. The case stands ready for the Ninth Circuit to shortly issue an opinion on the appeal. Similarly, the U.S. Supreme Court recently received a Petition for a Writ of Certiorari from the CFPB asking the Court to hear its appeal of *CFSA* this term, which ends June of 2023. The CFPB argues good cause exists for this expedited timeline "because the decision below vacates a past agency action based on the purported Appropriations Clause violation, [and] the decision threatens the validity of all past CFPB actions as well." Writ of Certiorari, Ex. A at p. 39. The CFPB concedes past actions, including the present litigation, will end if the Ninth Circuit or Supreme Court adopts the Fifth Circuit's reasoning. To "facilitate

consideration of this case this Term, the government is filing this petition less than one month after the decision below and plans to waive the 14-day waiting period after the brief in opposition is filed, which will enable the Court to consider the petition at its January 6, 2023 conference and hear the case during its April 2023 sitting." As such, this dispositive constitutional issue may be decided by the Supreme Court in less than seven (7) months.

B. The Nationwide Ninth Circuit Panel previously agreed with the Fifth Circuit's CFSA decision in a prior dissenting opinion.

In *Nationwide*, a Ninth Circuit Panel[1] will soon opine on the constitutionality of the CFPB's funding and related remedy. It will decide, among other issues, whether the CFPB's budgetary independence violates the Constitution and requires dismissal of the underlying enforcement action. Reviewing the Panel's dissenting opinion in *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 997 F.3d 837 (2021) sheds light on the *Nationwide*'s Panel's perspective on this issue.

For background, the Ninth Circuit upheld the constitutionality of the CFPB's single-Director structure in *CFPB v. Seila Law LLC*, 923 F.3d 680 (9th Cir. 2019). The U.S. Supreme Court reversed this decision finding that "the CFPB's single-Director structure is an innovation with no foothold in history or tradition." *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183, 2192 (2020). The justices

[1] Hon. Patrick J. Bumatay, Hon. Consuelo M. Callahan, and Hon. Lawrence Van Dyke are the Ninth Circuit Panelists deciding Nationwide. In 2021, Hon. Bumatay authored a dissent in *Consumer Fin. Prot. Bureau v. Seila Law LLC*, 997 F.3d 837 (9th Cir. 2021), and both Hon. Callahan and Hon. Van Dyke joined it.

observed "[t]he CFPB is in an entirely different league. It acts as a mini legislature, prosecutor, and court, responsible for creating substantive rules for a wide swath of industries, prosecuting violations, and levying knee-buckling penalties against private citizens. *See supra*, at 2192 – 2193. And, of course, it is the only agency of its kind run by a single Director." *Id.* at fn. 8. Although the Court noted, "the [Bureau] receives funding directly from the Federal Reserve, which is itself funded outside the appropriations process through bank assessments," it did not rule on the constitutionality of the funding as it was not at issue on appeal. *Seila Law*, 140 S. Ct. at 2194. The Court ultimately held the "structure of the CFPB violates the separation of powers" and that "the CFPB Director's removal protection is severable from the other statutory provisions bearing on the CFPB's authority." *Seila Law*, 140 S. Ct. at 2192.

The Supreme Court then remanded the case to the Ninth Circuit to decide "whether the [CFPB] civil investigative demand [at question] was validly ratified." *Id.* at 2211. The Ninth Circuit determined that the demand was validly ratified, and it issued no remedy to *Seila Law* for the constitutional violation it endured.

All three *Nationwide* Panelists dissented to the Ninth Circuit's denial of an *en banc* hearing strongly objecting to the CFPB's "power grab." *Seila Law*, 997 F.3d at 839. Current *Nationwide* Panelist Justice Bumatay, writing for the dissent, noted that "this case is a little like the story of David and Goliath; except here, the Ninth Circuit resurrects Goliath on the battlefield so that he can defeat David" *Id.* The dissent raised

concerns like those raised by the Fifth Circuit in *CFSA*:

> And the agency exercises these powers free from Congress's appropriations decisions. The CFPB is statutorily entitled to a stream of revenue directly from the Federal Reserve. *Seila Law*, 140 S. Ct. at 2194. The CFPB thus "acts as a mini legislature, prosecutor, and court, responsible for creating substantive rules for a wide swath of industries, prosecuting violations, and levying knee buckling penalties against private citizens." *Id.* at 2202 n.8.

*Seila Law*, 997 F.3d at 842. Then, in opining on the remedy for the single-director constitutional violation, the *Nationwide* Panelists (in their *Seila* dissent) stated an undoing or reversal of the actions endured during the violative period is appropriate:

> To begin, ratification does not seem to be a proper remedy for separation-of-powers violations such as we face here. The Court has made clear that parties injured by actions of a constitutionally deficient executive official are "entitled to relief." *Lucia v. SEC*, 138 S. Ct. 2044, 2055, 201 L. Ed. 2d 464 (2018) … The doctrine of ratification does not permit the CFPB to retroactively gift itself power that it lacked.

*Seila Law*, 997 F.3d at 843 – 45.

Now, with the pen in their hands, the Panel may well hold that the CFPB's funding mechanism violates the Constitution's separation of powers, and that dismissal of enforcement actions is the proper remedy for such a violation. If so, *Nationwide* will terminate this case.

Given the position that all three *Nationwide* panelists took in the *Seila Law* dissent, it is probable they will align with the Fifth Circuit and hold that the CFPB's

funding mechanism is unconstitutional and that the proper remedy is dismissal of the action. It makes little sense to proceed with the present litigation when the CFPB may soon no longer have the ability to enforce actions in the Ninth Circuit. The interests of judicial economy are best served by a stay of the case while the legal status of the CFPB's enforcement powers are decided.

**LEGAL STANDARD**

The district courts possess broad discretion to stay all proceedings in an action pending resolution of independent proceedings elsewhere. *See Landis*, 299 U.S. at 254. Discretion to stay a case is appropriately exercised when the resolution of another matter will have a direct impact on the issues before the Court, thereby substantially simplifying the issues presented. *See Mediterranean Enters. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983). A district court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

The factors district courts weigh in deciding whether to grant a request for a stay are: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) citing *Landis v. North*

*American Co.,* 299 U.S. 248 (1936). Weighing the *Landis* factors, a stay is warranted and appropriate in this action.

**A STAY IS WARRANTED PENDING *NATIONWIDE***

A central issue in *Nationwide* is whether the CFPB's budgetary independence violates the Constitution and requires dismissal of an enforcement action. If this question is answered in the affirmative, this case cannot proceed. The U.S. Supreme Court will address the same issue if it accepts the CFPB's Petition for a Writ of Certiorari. It makes little sense to proceed with complex discovery issues, party depositions, dispositive motions and even trial, when dismissal may soon be necessary. A stay will conserve government funds, Defendants' limited funds and this Court's time and resources.

**The Landis Factors Weigh Heavily In Favor Of A Stay**

In previously weighing the *Landis* factors pending an instructive appeal before the Ninth Circuit, this Court previously granted a stay. *Hugh Barker-Hatch v. Ralph Lauren Corporation et al*., 5:15-cv-02289-VAP-SP (C.D. Cal. Mar. 7, 2016) (Phillips, J.) [Notice of Supplemental Authority in *Consumer Financial Protection Bureau v. Nationwide Biweekly Admin., Inc*., Ex. B]. In *Barker-Hatch*, this Court acknowledged, "since a Ninth Circuit decision in *Casas* would be binding precedent in this case . . . the disposition of *Casas* will determine how the claims in this case should be treated." *Id.* at p. 5. The Court also acknowledged allowing the case to

"proceed before the law is settled means the Court could decide dispositive motions, discovery disputes, and trial incorrectly. The potential for wasted time and redundant cost and expense persuades the Court to stay the case." *Id.* at 6.

Identical concerns are present here. Proceeding with this case while critical Constitutional issues are pending increases the risk of the Court and the Parties expending time and resources needlessly.

**All Parties Will Suffer Hardship Without A Stay**

Substantial hardship warranting a stay exists where one or more parties will incur significant costs without knowing what law will ultimately apply at summary judgment or trial. *See Washington v. Six Continents Hotels, Inc.*, No. 16-cv-03719-ODW-JEM, 2017 U.S. Dist. LEXIS 3670, at *6 (C.D. Cal. Jan. 9, 2017) (granting stay and noting, "if the Court denies the stay and requires the parties to go forward with this action, they will be forced to spend time and money conducting discovery on a critical issue of liability without knowing what law will ultimately apply at summary judgment or at trial—a fool's errand, to say the least."); *Lopez v. American Express Bank, FSB*, No. 09-cv-07335, 2010 U.S. Dist. LEXIS 101476, *13 (C.D. Cal. Sept. 17, 2010) (granting a stay where "the Defendants will suffer substantial hardship if this action is permitted to go forward. They will incur significant costs relating to fact and expert discovery, motion practice, and trial preparation to defend this action."); *Ramirez v. Trans Union, LLC*, No. 12-cv-000632-JSC, 2015 LEXIS 80692, at *4 (C.D. Cal. June 22, 2015) ("Defendant faces the risk of unnecessary proceedings and

expenses if the case is not stayed.").

**A Stay Will Enhance The Orderly Course Of Justice**

Staying this case will enhance the orderly course of justice because it will provide clarity on imminent Constitutional issues plaguing this action. *Safeco Ins. Co. v. Nelson*, No. 20-cv-00211-MMA (DEB), 2020 U.S. Dist. LEXIS 118919, at *15 (S.D. Cal. July 7, 2020) ("the orderly course of justice [is] measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."). *Nationwide* will address a dispositive issue: whether the CFPB's funding apparatus contravenes the Appropriations clause, and if so, what the appropriate remedy is for violations endured during the violative period. The Ninth Circuit Panelists have strongly suggested that dismissal is the proper remedy, in which case, the present litigation will end.

Moreover, a stay will ensure that judicial resources are conserved and appropriately allocated.

**No Damage Will Result From The Court Entering A Stay**

Plaintiff will likely argue that granting this Motion will cause harm to Plaintiff and to the consumers for whom it seeks restitution and injunctive relief. In *Barker-Hatch*, because a stay may harm Plaintiff and a "putative class" of people is "not persuasive because a stay always will cause some harm and delay to a Plaintiff's case. Taking Plaintiff's argument to its logical conclusion would mean never granting a stay." Order Granting Motion to Stay in *Hugh Barker-Hatch v. Ralph Lauren*

*Corporation et al.*, Ex. C. at *6 ("Barker-Hatch Order"). Additionally, Plaintiff's request for injunctive relief should not affect this Court's analysis in granting a stay. In *Lopez*, Plaintiffs also sought "injunctive relief under California's Unfair Competition Law and Consumer Legal Remedies Act against allegedly ongoing unfair acts and practices" however the Court set aside these concerns because "it would be unjust for the Defendants to have to litigate this case and incur related expenses." *Lopez*, 2010 U.S. Dist. LEXIS 101476, at *13. Here too, notwithstanding the CFPB's desired relief, allowing the case to proceed would be unjust for Defendants (especially where the threshold validity of this case hinges on the Ninth Circuit's decision in *Nationwide*).

No risk of an indefinite delay presents here because the Ninth Circuit will issue its decision in *Nationwide* within the coming months. Based on the attached docket, briefing is complete, oral argument has taken place, and a decision should issue shortly. [Barker-Hatch Order, Ex. C]. Courts in the Ninth Circuit have stayed cases under similar or longer timelines where critical issues are pending before a binding Court. *Chattanond v. Discover Fin. Servs., LLC*, No. 15-08549, 2016 U.S. Dist. LEXIS 24700, at *10 (C.D. Cal. Feb 26, 2016) ("[i]t would be burdensome for both parties to spend much time, energy, and resources on pretrial and discovery issues, only to find those issues moot within less than a year."). Here, as in *Chattanond*, the length of the stay is minimal because a decision in *Nationwide* will likely be issued within the next few months because briefing is complete on this issue. The expected length of the stay

will not prejudice Plaintiff. If this case can proceed after *Nationwide*, the CFPB may file dispositive motions and prepare for trial at that time.

Here, if a stay is not granted, the parties will suffer significant financial harm responding to discovery, litigating, and trying a complex case. These expenses should not be unnecessarily borne. In addition, Defendants Noh and Gilani will continue to suffer financial harm and emotional distress without a stay. *See* Declaration of Noh at ¶2; Gilani at ¶2.

Consumers, however, will suffer no harm. The CFPB admits in its Complaint that the Relief Defendant FNZA Marketing, LLC operated no business of its own but was only the recipient of funds obtained by Student Loan Pro from charging purported unlawful advance fees. (Compl. ¶¶7-9, 10, ECF No. 1). The Complaint does not allege any specific facts that Gilani or Noh currently participate in any illegal conduct. Student Loan Pro is no longer in business. As such, no alleged violative conduct is currently occurring. *See* Declaration of Noh at ¶3; Gilani at ¶3.

## CONCLUSION

Under the facts and circumstances presented here, equity weighs in favor of a stay. Proceeding with this case, while Plaintiff's ability to prosecute the claims in question is under review by the Ninth Circuit and possibly the Supreme Court, is both wasteful for the Court, all parties involved and inequitable to Defendants. If the Court grants the stay now, it can prevent the enormous cost of proceeding with this case and continued financial and emotional distress on Mr. Gilani and Ms. Noh.

Respectfully submitted,

DATED: December 13, 2022

By /s/ Lisa A. Messner

**MAC MURRAY & SHUSTER LLP**
LISA A. MESSNER (Admitted *Pro Hac Vice*)
HELEN MAC MURRAY (Admitted Pro Hac Vice)
*lmessner@mslawgroup.com*
*hmacmurray@mslawgroup.com*
6525 W. Campus Oval, Suite 210
New Albany, Ohio 43054
Telephone: (614) 939-9955
Facsimile: (614) 939-9954

**CARLSON & MESSER LLP**
David J. Kaminski (SBN 128509)
*kaminskid@cmtlaw.com*
5901 W. Century Boulevard, Suite 1200
Los Angeles, California 90045
Telephone: (310) 242-2200
Facsimile: (310) 242-2222

Attorneys for Defendants
Judith Noh, Student Loan Pro, Syed Gilani and FNZA Marketing, LLC

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that this document has been served electronically on all counsel and parties having appeared in this matter through the Court's ECF filing system on this 13th day of December, 2022.

/s/ *Lisa A. Messner*________________
**MAC MURRAY & SHUSTER LLP**
LISA A. MESSNER (Admitted *Pro Hac Vice*)