# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>JUDITH NOH, D/B/A STUDEN LOAN PRO, JUDITH NOH AS AN INDIVIDUAL AND SYED FAISAL GILANI,<br>　　　　　　　Defendants. | Case No. 8:21-00488-JWH (ADSx)<br><br>**ORDER RE: SETTLEMENT CONFERENCE**<br><br>DATE:　April 24, 2023<br>TIME:　10:00 a.m.<br>PLACE:　Courtroom 6B |

## PLEASE READ THIS ORDER CAREFULLY

This case has been referred to Magistrate Judge Autumn D. Spaeth for settlement proceedings.

The Settlement Conference is placed on calendar for **April 24, 2023, at 10:00 a.m., in Courtroom 6B, 6th Floor, 411 W. Fourth Street, Santa Ana, California, 92701.**

Judge Spaeth will not be involved in the actual trial of the case and will assist the parties in an objective appraisal and evaluation of the case. The following are mandatory guidelines for the parties in preparing for the Settlement Conference.

1

I.  **SETTLEMENT CONFERENCE OBJECTIVES AND CONFIDENTIALITY**

    A.  The purpose of the Settlement Conference is to permit an informal discussion between the attorneys, parties, non-party indemnitors or insurers, and the Magistrate Judge of every aspect of the case bearing on its settlement value.

    B.  Local Rule 16-15.8 is adopted for this settlement proceeding as described herein.  Pursuant to Local Rule 16-15.8 and Federal Rule of Evidence 408, these settlement proceedings shall be confidential between the parties, unless the parties otherwise agree.  No part of a settlement proceeding shall be reported or otherwise recorded, without the consent of the parties, except to take the appearances of the parties and for any memorialization of a settlement.  Counsel are reminded, and must also notify their clients, that the Local Rules of Court prohibit non-court personnel from recording or broadcasting these proceedings. L.R. 83-6 et. seq.

II.  **PRIOR TO THE SETTLEMENT CONFERENCE**

    A.  The parties must attempt in good faith to resolve the case before the Settlement Conference.  **By no later than two (2) weeks in advance of the Settlement Conference**, counsel must meet in person or by telephone to reasonably discuss the settlement of this matter.  **Specifically, the parties must present an offer and counteroffer during this pre-conference negotiation.**  Failure to participate in pre-conference negotiations may be basis for sanctions.

    B.  Prior to the Settlement Conference, the attorneys are directed to discuss settlement with their respective clients and insurance representatives, so that the parameters of possible settlement will have been explored well in advance of the Settlement Conference.

C. If the parties successfully resolve the case before the Settlement Conference, or determine that the Conference should be postponed, counsel must immediately inform Judge Spaeth's Courtroom Deputy Clerk.

D. **No later than five (5) days prior to the Settlement Conference**, each party shall submit a Confidential Settlement Conference Statement directly to the Chambers of Judge Spaeth via email to ADS_Chambers@cacd.uscourts.gov.  The Statements should not be filed with the Clerk of the Court and they will not be made part of the casefile.

E. The Confidential Settlement Conference Statements should include, in no particular order, the following:

    1. A brief statement of the facts of the case, including the party's claims and defenses.  The Statement should include citations to the applicable statutory or other grounds upon which claims or defenses are based.  The Statement should identify the major factual and legal issues in dispute, and cite the legal authority supporting the party's position, and any controlling authorities.

    2. **An itemized statement of the damages claimed**, and any other relief sought.  This is one of the most critical aspects of the party's Statement.  **<u>Any Confidential Settlement Conference Statement by a party seeking damages, which omits an itemized statement of damages, will be considered to be in violation of this Order and the party may be subject to sanctions</u>**.

    3. A summary of the proceedings to date, including any case management dates/deadlines already set by the District Judge.

4. A history of settlement discussions, including all demands, offers, and proposals. The parties must summarize **all settlement efforts** in their Confidential Settlement Conference Statement.

5. A forthright evaluation of the party's likelihood of prevailing on each of its claims and/or defenses.

6. The approximate amount of attorney's fees, time, and costs expended to date, and an estimate of the fees, time, and costs to be expended for (i) any further discovery, (ii) pretrial preparation, and (iii) trial.

7. The party's evaluation of the terms on which the case could be settled **fairly**, taking into account the litigation position and settlement position of the other side.

8. A list of the individuals that will attend the Settlement Conference for the party, along with their role/title. This list should identify which attendee has full settlement authority. Parties should also list who the party believes should be present on behalf of the opposing party in order to resolve matter, e.g. insurance carrier.

9. The Statement shall be double-spaced and shall not exceed ten (10) pages in length.

10. Parties may attach exhibits that are relevant to settlement discussions.

11. Copies of the Confidential Settlement Conference Statement need not be served upon opposing counsel.

F. In the event both parties agree that a Settlement Conference would not be meaningful at this point in the litigation, **after the above described steps are**

**completed**, the parties are instructed to telephone Judge Spaeth's Courtroom Deputy Clerk at (714) 338-4776 and inform her of this information. The Court will then hold the Settlement Conference telephonically and will notify the parties of the date of the telephonic conference.

### III.     SETTLEMENT CONFERENCE ATTENDANCE REQUIREMENTS

A.     Counsel who will try the case must be present at the Settlement Conference. In addition, a person with full settlement authority on behalf of the party must be present for the Settlement Conference. **This requirement contemplates the physical presence of your client or, if a corporate or government entity, of an authorized and knowledgeable representative of your client.** Even if your client is located outside the Central District of California, the client's representative with full settlement authority will be expected to appear in person.

B.     **The plaintiff's representatives must have full and final settlement authority to authorize dismissal of the case with prejudice, or to accept a settlement amount recommended by the Magistrate Judge down to the defendant's last offer made prior to the Settlement Conference.**

C.     **The defendant's representatives must have full and final settlement authority to commit the defendant to pay a settlement amount recommended by the Magistrate Judge up to the plaintiff's prayer (excluding punitive damage prayers), or up to the plaintiff's last demand made prior to the Settlement Conference, whichever is lower.**[1]

---

[1] This rule does not apply to cases involving pro se plaintiffs. However, the defendant must have a representative present with appropriate authority to settle the case.

D. The purpose of this requirement is to have representatives present who can settle the case during the course of the Conference without consulting a superior.

E. If Board approval is required to authorize settlement, the attendance of at least one sitting and knowledgeable member of the Board (preferably the Chairman) is absolutely **required**.

F. **Any insurance company that is a party or is contractually required to defend or to pay damages, if any, assessed within policy limits in this case, must have a fully authorized settlement representative present at the Settlement Conference**. Such representatives must have final settlement authority to commit the company to pay, in the representatives' discretion, an amount recommended by the Magistrate Judge within the policy limits. The purpose of this requirement is to have an insurance representative present who can settle the outstanding claim during the course of the Conference without consulting a superior. An insurance representative authorized to pay, in the representative's discretion, up to the plaintiff's last demand made prior to the Settlement Conference will also satisfy this requirement.

G. Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirements of this Order.

H. **Any violation of these attendance requirements will cause the Court to cancel the Settlement Conference.** Counsel appearing without their client(s) (whether or not counsel purportedly have been given settlement authority) will cause the Settlement Conference to be canceled and rescheduled. The noncomplying attorney, party, or both may be assessed the costs and expenses incurred by the other

parties as a result of such cancellation and rescheduling, **as well as any additional sanctions deemed appropriate**.

I.  Any relief from this requirement may only be granted by the Court, following a motion or ex parte application from the party seeking relief.  Relief from this requirement will rarely, if ever, be granted and only upon a showing of exceptional good cause.[2]

### IV.  SETTLEMENT CONFERENCE PROCEDURES

A.  At the Settlement Conference, each party shall be fully prepared to discuss all economic and non-economic factors relevant to a full and final settlement of the case.

B.  At the commencement of the Conference, each party through counsel may be required to make an oral presentation (not to exceed five (5) minutes) of the relevant facts and law, in the presence of all parties and counsel.

C.  Counsel should have available for the Court's review copies of all critical documents (i.e., pleadings, declarations or witness statements, business records, personnel, files, etc.) in the case, as well as copies of all important witnesses' deposition transcripts, if a party believes such documents will assist in the evaluation of the case.

D.  If a party's settlement position is predicated on the recoupment or recovery of attorney's fees and/or costs, then its counsel should have available for the Court's review copies of billing records substantiating both the time expended and the expenses incurred.

---

[2] The provisions of Local Rule 16-15.5(b) are inapplicable to this Order.  Parties may only appear by telephone with prior approval of the Court.  Only the United States, its agencies, or employees are entitled to rely upon Local Rule 16-15.5(b).

E. The Magistrate Judge may, in her discretion, converse with the lawyers, the parties, the insurance representatives, or any one of them outside of the hearing of the others. The comments of the Judge during such separate sessions are not to be used by counsel in settlement negotiations with opposing counsel. This is a necessary requirement in order to avoid intentional or unintentional misquotation of the Judge's comments. Violation of this policy may be misleading and therefore a hindrance to settlement.

F. If the parties reach a resolution of the case during the Conference, the Court will summarize the key terms of the agreement on the record or will direct the parties to draft an appropriate memorandum. The Court encourages counsel to bring a proposed settlement agreement to the Conference.

G. If settlement between any or all the parties is reached as a result of the Settlement Conference, it is the responsibility of all counsel to immediately report the settlement to the District Judge's Courtroom Deputy Clerk, as well as to timely memorialize the settlement. *See* Local Rule 16-15.7.

H. If no resolution is reached, the Court will consult with the parties to determine whether an additional Settlement Conference is likely to be productive.

I. By participating in the Settlement Conference, the parties understand and agree that the Magistrate Judge may continue to handle discovery motions and other pretrial proceedings in this action.

///

///

///

J. All papers submitted for the Settlement Conference will either be returned to the parties or destroyed by the Magistrate Judge, after all the settlement proceedings are concluded, unless the parties agree otherwise.

**IT IS SO ORDERED.**

Dated: February 22, 2023

                                                /s/ Autumn D. Spaeth
HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge