UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JUDITH NOH d/b/a STUDENT LOAN PRO,<br>JUDITH NOH as an individual, and SYED FAISAL GILANI,<br><br>　　　　Defendants, and<br><br>FNZA MARKETING, LLC,<br><br>　　　　Relief Defendant. | Case No. 8:21-cv-00488-JWH-ADS<br><br>**ORDER GRANTING DEFENDANTS' CORRECTED MOTION TO STAY PROCEEDINGS AND CONTINUING HEARING ON DEFENDANTS' CORRECTED MOTION TO DISMISS [ECF Nos. 130 & 132]** |

Before the Court is the motion of Defendants Student Loan Pro, Judith Noh, and Syed Faisal Gilani ("Debt-Relief Defendants") and Relief Defendant FNZA Marketing, LLC (collectively, "Defendants") to stay this case.[1] Also before the Court is Defendants' motion to dismiss the Complaint of Plaintiff Consumer Financial Protection Bureau (the "CFPB").[2] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[3] the Court orders that the Motion to Stay is **GRANTED** and that the hearing on the Motion to Dismiss is **CONTINUED**, for the reasons set forth herein.

## I. BACKGROUND

This action centers on claims by the CFPB that Defendants' student-loan debt-relief business violated consumer financial protection laws and that Defendants charged unlawful advance fees to consumers.[4] The CFPB filed its Complaint in March 2021, in which it asserted the following claims for relief:

- violations of the Telemarketing Sales Rule (the "TSR") by Debt-Relief Defendants (Requesting & Receiving Advance Fees);
- violations of the TSR by Gilani & Noh (Substantial Assistance to Student Loan Pro in its Violations of the TSR);
- violations of the Consumer Financial Protection Act by Debt-Relief Defendants; and

---

[1] Defs.' Corrected Mot. to Stay Case (the "Motion to Stay") [ECF No. 130].
[2] Defs.' Corrected Mot. to Dismiss Case (the "Motion to Dismiss") [ECF No. 132].
[3] The Court considered the following papers: (1) Compl. (the "Complaint") (including its attachments) [ECF No. 1]; (2) Motion to Stay (including its attachments); (3) Pl.'s Consolidated Opp'n to the Motion to Dismiss & Motion to Stay [ECF No. 136]; and (4) Def.'s Reply in Supp. of the Motion [ECF No. 142].
[4] Complaint ¶¶ 1 & 2.

- disgorgement or Compensation for Unjust Enrichment by Debt-Relief Defendants.

Defendants move to stay the instant action based upon two recent Circuit Court decisions challenging the constitutionality of the CFPB's funding structure: (1) *Cmty. Fin. Servs. Ass'n of Am., Ltd. v. Consumer Fin. Prot. Bureau*, 51 F.4th 616 (5th Cir. 2022) ("*CFSAA*"); and *Consumer Fin. Prot. Bureau v. Nationwide Biweekly Admin., Inc.*, 2023 WL 566112 (9th Cir. Jan. 27, 2023) (non-precedential). Defendants also concurrently move to dismiss the CFPB's Complaint, in large part based upon the constitutional challenges posed by the defendants in *CFSAA* to the CFPB's current structure.

The Government petitioned the Supreme Court for certiorari and review of the decision in *CFSAA*, and on February 27, 2023, the Supreme Court granted the Government's petition.[5] *See CFPB v. Community Financial Services Association of America, Ltd.*, No. 22-448 (U.S. cert petition filed Nov. 14, 2022). Although the Court appreciates the arguments that the parties make here concerning the constitutionality of the CFPB's funding mechanism and structure, given that the Supreme Court has granted certiorari—and a decision in that case will determine the course of this case—a stay is warranted.

## II. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Defendants' Motion to Stay is **GRANTED**.

2. The hearing on Defendants' Motion to Dismiss is **CONTINUED** until further notice.

---

[5] *See* Defs.' Not. of Relevant Authority in Supp. of the Motion to Stay (the "Notice of Relevant Authority") [ECF No. 150]; Pl.'s Response to the Notice of Relevant Authority [ECF No. 151].

3. Defendants are **DIRECTED** to file a status report within 14 days of a decision by the Supreme Court in *CFPB v. Community Financial Services Association of America, Ltd.*, No. 22-448.

**IT IS SO ORDERED.**

Dated: March 6, 2023

John W. Holcomb
UNITED STATES DISTRICT JUDGE